

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2005

# Matthews v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Matthews v. Holt" (2005). *2005 Decisions.* Paper 787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-279                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4524
_____

BARRY LEWIS MATTHEWS,
                                    Appellant

v.

R. WARDEN;
THOMAS MARINO

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01829)
District Judge:  Honorable John E. Jones, III
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2005
Before: RENDELL, FISHER & VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed  July 22, 2005)

_____

OPINION

_____

PER CURIAM

      Appellant, Barry Lewis Matthews, appeals the order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

Matthews is a federal prisoner incarcerated at FCI-Schuylkill. In 1994, the United States District Court for the Western District of Virginia sentenced Matthews to 292 months imprisonment followed by sixty months supervised release on his plea of guilty to one count of conspiring to possess crack cocaine with intent to distribute in violation of 21 U.S.C. § 846. The United States Court of Appeals for the Fourth Circuit affirmed, United States v. Matthews, 70 F.3d 1264 (4th Cir. 1995)(table), and the Supreme Court denied *cert.*, 517 U.S. 1125 (1996). Matthews subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the sentencing court denied in January 1998. The court likewise denied his motion filed pursuant to Fed. R. Civ. P. 60(b), a decision that was affirmed on appeal. United States v. Matthews, 3 Fed. Appx. 136 (4th Cir. 2001).

On August 18, 2004, Matthews filed the current habeas corpus petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania alleging that his conviction and sentence violate Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). In addition, Matthews asserted that because Blakely is an intervening change in law that has not been made retroactive, § 2255 is "inadequate or ineffective" and, thus, § 2241 is available for relief. Adopting the Magistrate Judge's Report and Recommendation, the District Court found that Matthews' petition challenging his conviction and sentence falls under § 2255, and that § 2255 is not rendered inadequate or ineffective merely by the petitioner's inability to meet the

2

stringent requirements for filing a second or successive § 2255 motion. Accordingly, the District Court dismissed the § 2241 petition for lack of jurisdiction. Matthews timely appealed and opposes the listing of this appeal for possible summary action.

Summary action is warranted when "no substantial question" is presented by the appeal. See 3d Cir. LAR 27.4; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). After a careful review of the record, we will summarily affirm.[1]

We agree with the District Court that Matthews' claims fall within the purview of § 2255. A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We have held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an Apprendi claim in a § 2241 proceeding. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Like Apprendi, Blakely (and, moreover, United States v. Booker, 125 S. Ct. 738 (2005)),[2] did not change the substantive law as to the elements of the offense for which Matthews was convicted. Although Matthews may face substantive and procedural hurdles in presenting his claims in a § 2255 motion, that

---

[1] In reaching this disposition, we have fully considered, but reject, the arguments presented in Matthews' "Response to Court's Notification of Possible Summary Action."

[2] Because Matthews is a federal prisoner sentenced under the U.S. Sentencing Guidelines, his claim is better expressed in terms of United States v. Booker (applying Blakely to the federal guidelines). Of course, this makes no difference to the outcome of this appeal.

alone does not render a § 2255 motion an "inadequate or ineffective" remedy. <u>See</u>

<u>Okereke</u>, 307 F.3d at 120-21. The District Court thus properly determined that it lacked

jurisdiction over Matthews' claims. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d at 249.

For the foregoing reasons, we will summarily affirm the judgment of the District

Court.